**RECORD IMPOUNDED**

**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court."
Although it is posted on the internet, this opinion is binding only on the
parties in the case and its use in other cases is limited. R.1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-3633-15T1

STATE OF NEW JERSEY,

    Plaintiff-Respondent,

v.

MICHAEL LYGA,

    Defendant-Appellant.

_____

        Submitted June 6, 2017 — Decided July 18, 2017

        Before Judges Rothstadt and Sumners.

        On appeal from the Superior Court of New
        Jersey, Law Division, Morris County,
        Indictment No. 08-02-0195.

        Joseph E. Krakora, Public Defender, attorney
        for appellant (Janet A. Allegro, Designated
        Counsel, on the briefs).

        Fredric M. Knapp, Morris County Prosecutor,
        attorney for respondent (Thomas C. Schmid,
        Assistant Prosecutor, on the brief).

PER CURIAM

    Defendant Michael Lyga appeals from the denial of his petition

for post-conviction relief (PCR), without an evidentiary hearing,

because the petition was time-barred. He contends that his trial

counsel failed to advise him of the conditions of parole

supervision for life (PSL), N.J.S.A. 2C:43-6.4, and the consequences of violating them, and that he filed his petition as soon as he determined the "true nature" of PSL. For the reasons that follow, we affirm.

Defendant waived indictment and pled guilty to second-degree child luring, N.J.S.A. 2C:13-6, and obstruction, N.J.S.A. 2C:29-1(b). On October 16, 2008, the sentencing court imposed an aggregate sentence of five years subject to Megan's Law conditions, N.J.S.A. 2C:7-1 to -11, and PSL. The facts underlying defendant's convictions need not be recounted here for our purposes.

Defendant filed an unsuccessful motion for reconsideration of his sentence and then a direct appeal, arguing only that his sentence was excessive. An Excessive Sentence panel of this court affirmed his sentence. State v. Lyqa, No. A-5002-08 (App. Div. March 11, 2010).

Defendant was paroled in 2012 and subjected to the terms of PSL. At that time, he received forms with written information about those terms but refused to execute them. He subsequently failed to comply with the terms of his parole, and, as a result, it was revoked in August 2012. After a hearing, he was re-incarcerated for one year.

Defendant filed motions with the Law Division for various relief. On April 5, 2013, he filed a motion denoted as a PCR

petition, seeking a change of custody to a drug treatment program and then on April 18, 2013, a motion to withdraw his plea. The first motion was evidently either denied or never decided[1] and the latter was denied on August 1, 2014. He appealed and a different Excessive Sentence panel affirmed the denial of his motion. See State v. Lyga, Docket No. A-000194-14 (App. Div. Dec. 4, 2014). The Supreme Court denied defendant's petition for certification. State v. Lyga, 222 N.J. 18 (2015).

In 2014, defendant was again paroled, received the PSL forms, which he signed, and again proceeded to violate his parole. His parole was revoked and he was again re-incarcerated in March 2014 and, after another hearing, was subjected to a fourteen-month term for his parole violation.

Defendant filed the PCR petition that is the subject of this appeal on January 2, 2015[2], seeking to terminate his PSL. In his pro se PCR petition, defendant argued that at the time he pled guilty, he was not informed that he could be re-incarcerated for a violation of PSL. In supplemental submissions, he challenged the existence of any evidence of his crimes, contended that he was

---

[1] The record does not contain an order indicating the disposition of the motion. We assume that the motion was denied, if it was ever heard, based upon defendant's continued incarceration.

[2] The petition that defendant signed on December 23, 2014 is erroneously stamped filed January 2, 2014.

arrested without probable cause and further elaborated upon his argument that he received ineffective assistance of counsel because he was not informed of the consequences of PSL, claiming that had he been properly informed he would not have pled guilty. Defendant further explained he was not aware "that [he] had to file a petition for [PCR] within five years[, and a]s soon as [he] understood the true nature of [PSL, he] immediately filed this PCR."

Designated counsel filed a memorandum of law in further support of defendant's contentions. In the submission, counsel argued that defendant received ineffective assistance of counsel because he was not informed of the consequences of PSL, trial counsel failed to argue for a lesser sentence "because [PSL] has been ineffective for [defendant]," and defendant was arrested without probable cause. Counsel further contended that defendant established a prima facie claim of PCR entitling him to an evidentiary hearing and that the petition was not procedurally barred.

Judge Stephen J. Taylor denied defendant's petition by order dated February 4, 2016, placing his reasons on the record on the same date. Judge Taylor treated defendant's petition as his first PCR application, despite defendant's earlier post-conviction motions. Turning to Rule 3:22-12(a)(1), the judge determined that

defendant's petition was filed well outside the five-year period required by the Rule and found that defendant failed to establish excusable neglect for filing the petition out of time. Judge Taylor concluded that the record established that he was informed of the conditions of PSL and consequences of violating its requirements at his plea hearing, in his signed plea forms, and on the dates of his being paroled. The judge observed that defendant also confirmed his understanding of PSL in his earlier motion seeking to withdraw his plea in which he argued against being subjected to its conditions. Finally, the judge stated that even if he found excusable neglect, based upon the observations he already made about the record and defendant's acknowledgments of the terms of his PSL, defendant failed to establish any "fundamental injustice" as defendant "was fully advised of the direct and penal consequences of his plea, during . . . the plea colloquy."

Defendant presents the following issues for our consideration in his appeal.

> POINT I
>
> THE COURT ERRED IN DENYING DEFENDANT'S PETITION FOR POST-CONVICTION RELIEF WITHOUT AFFORDING HIM AN EVIDENTIARY HEARING TO FULLY ADDRESS HIS CONTENTION THAT HE FAILED TO RECEIVE EFFECTIVE LEGAL REPRESENTATION AT SENTENCING.

5

A. THE PREVAILING LEGAL PRINCIPLES REGARDING CLAIMS OF INEFFECTIVE ASSISTANCE OF COUNSEL ARISING OUT OF THE ENTRY OF GUILTY PLEAS, EVIDENTIARY HEARING AND PETITIONS FOR POST[-]CONVICTION RELIEF.

POINT II

TRIAL COUNSEL WAS INEFFECTIVE IN FAILING TO PROPERLY EXPLAIN THE CONSEQUENCES OF PAROLE SUPERVISION FOR LIFE, IN PARTICULAR, THE EXTENT AND INVASIVE NATURE OF POSSIBLE ADDED CONDITIONS THROUGHOUT THE ENTIRE PERIOD OF SUPERVISION.

POINT III

THE PCR COURT ERRED IN DENYING THE DEFENDANT'S PETITION FOR POST-CONVICTION RELIEF ON PROCEDURAL GROUNDS.

A. DEFENDANT'S CLAIMS ARE NOT PROCEDURALLY BARRED BY R. 3:22-12(a).

B. DEFENDANT'S CLAIMS ARE NOT PROCEDURALLY BARRED BY R. 3:22-5.

We are not persuaded by any of these arguments, and we find them to be without sufficient merit to warrant discussion in a written opinion. R. 2:11-3(e)(2). We affirm substantially for the reasons expressed by Judge Taylor in his compressive oral decision.

Affirmed.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION

A-3633-15T1